UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION



FILED
MAY 02 2023

| | |
|---|---|
| JAMES LAWRENCE SJANGREAUX, SR., <br><br> Petitioner, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | 5:23-CV-05022-CBK <br> 5:15-CR-50136-JLV <br><br> OPINION AND ORDER DENYING MOTION TO VACATE AND ORDER DENYING CERTIFICATE OF APPEALABILITY |

Petitioner pleaded guilty to felony child abuse and neglect. He was sentenced on May 18, 2017, to 120 months custody. He appealed the length of his three-year term of supervised release. The government filed a motion to dismiss the appeal on the basis of the waiver of appeal rights agreed to in the plea agreement and the United States Court of Appeals for the Eighth Circuit dismissed the appeal on August 29, 2017. Petitioner has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, contending that, his 120-month custody sentence, together with the three-year term of supervised release, exceeds the statutory maximum penalty. He cites the Eighth Circuit's opinion in <u>Morales v. United States</u>, 2023 WL 2608009 (March 23, 2023) which stated that a "term of supervised release is not a post-sentence penalty, but part of the sentence."

I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**DECISION**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 28 U.S.C. § 2255:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> Any motion to vacate pursuant to 28 U.S.C. § 2255 is untimely unless petitioner can set forth a basis for tolling the one year limitations period.

Petitioner's conviction became final over five years ago. He has not cited any basis for tolling the period of limitations. His petition is untimely.

## ORDER

Summary dismissal is appropriate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Now, therefore,

**IT IS ORDERED** that the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is denied.

## TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT:

This Court summarily dismissed petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on the basis that the motion was untimely.

Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. This construction gives meaning to Congress' requirement that a prisoner demonstrate substantial underlying constitutional claims and is in conformity with the meaning of the "substantial showing" standard . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000) (emphasis supplied). Petitioner did not and has not made a substantial showing that jurists of reason would find it debatable whether the motion to vacate was correctly dismissed as untimely.

**IT IS HEREBY CERTIFIED** that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's motion to vacate. This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

DATED this 27th day of April, 2023.

BY THE COURT:

*[signature]*
CHARLES B. KORNMANN
United States District Judge